**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed July 28, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00230-CV**

---

**IN RE T.R.L.**

---

**On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 2016-56370**

---

### DISSENTING OPINION

I respectfully disagree with the panel's decision to deny Mother's petition for writ of mandamus by concluding that the trial court did not abuse its discretion in finding that Mother had voluntarily relinquished possession of T.R.L.

Texas Family Code § 156.006 states that while a modification is pending, the court may not render a temporary order changing the designation of the person who has the exclusive right to designate the primary residence of the child unless, as relevant here, the temporary order is in the best interest of the child and that the person designated in the final order has "voluntarily relinquished the primary care

and possession of the child for more than six months." Tex. Fam. Code Ann. § 156.006(b)(2). The Family Code does not define "voluntarily." *Osorno v. Osorno*, 76 S.W.3d 509, 511 (Tex. App.—Houston [14th Dist.] 2002, no pet.). A parent who is forced, coerced, threatened, or otherwise compelled to relinquish possession of a child is not acting voluntarily. *See In re S.A.H.*, 420 S.W.3d 911, 923 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("'[V]oluntary relinquishment' can be construed as meaning 'to give up by one's free will.'")[1]; *see, e.g.*, *In re S.W.H.*, 72 S.W.3d 772, 777 (Tex. App.—Fort Worth 2002, no pet.) (determining relinquishment was not voluntary when TRO prohibited parent from contacting child); *In re De la Pena*, 999 S.W.2d 521, 527 (Tex. App.—El Paso 1999, no pet.) (determining relinquishment was not voluntary when aunt prevented father from retrieving child for several months); *see also R.S. v. BJJ*, 883 S.W.2d 711, 719 (Tex. App.—Dallas 1994, no writ) (determining relinquishment was voluntary when parents were aware of children's whereabouts but did not ask for their return).

Here, the record establishes that the final order stated that visitation was allowed as mutually agreed. Mother and Father appear to have cooperated as to visitation and continued to do so during the COVID pandemic. During COVID, Mother, an essential worker, had to work during the day and was required to report to her place of employment. Father did not work during COVID. The testimony, which was uncontroverted, supports that there were no drivers available to take T.R.L. to daycare, there were no virtual classes for T.R.L to attend, there were no vaccines for children at the time, and it was the safest option for the child. Mother

---

[1] We note that *In re S.A.H.* concerned a modification of a final order, rather than a temporary order. *See In re S.A.H.*, 420 S.W.3d 911, 923 (Tex. App.—Houston [14th Dist.] 2014, no pet.). However, the voluntary-relinquishment requirement exists in the statutes governing both. *See* Tex. Fam. Code Ann. §§ 156.006, 156.101.

agreed to let the child stay with Father during the week during the COVID pandemic to allow T.R.L. to continue his kindergarten schooling. Otherwise, T.R.L would have to stay at home with Mother during COVID and forego his schooling. Mother jointly made decisions with Father regarding T.R.L.'s education, had possession of T.R.L. during the weekends and sometimes three to four days during some weeks, provided him a tutor on certain weekends, and attended T.R.L.'s recreational activities during the week. The record does not support a finding of relinquishment by Mother. *Cf. In re S.A.H.*, 420 S.W.3d at 923–24 ("There is extensive evidence that Great Aunt controlled all facets of S.A.H.'s life that a parent normally would control for those fourteen months, from school and extracurricular activities to medical treatment and birthday parties, and no appreciable evidence that Mother controlled any of these facets of S.A.H.'s life during that time period.").

While Mother's actions were voluntary, she did not voluntarily "relinquish" her child; rather, the conditions caused by the COVID pandemic forced a change of circumstances, which both parents participated in for the best interest of the child. *See id.* at 922 ("'[R]elinquish' is commonly defined as 'give up[.]'"). Therefore, I would conclude that the trial court abused its discretion and that Mother is entitled to mandamus relief; I would grant the mandamus and vacate the trial court's January 21, 2022 order. *See In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 933, 840 (Tex. 1993) (orig. proceeding).

/s/     Margaret "Meg" Poissant
        Justice


Panel consists of Justices Wise, Poissant, and Wilson.  (Poissant, J., dissenting).